The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, Arkansas 72450
Dear Representative Wooldridge:
This official Attorney General opinion is rendered in response to certain questions you have raised concerning county-wide trash pick-up service.
More specifically, you have presented the following questions:
 (1) Can there be a bid for county-wide trash pick-up before there is an ordinance in place to require trash pick-up service?
 (2) When the ordinance and agreement have set fees for the pick-up service, can the quorum court change the price to benefit the solid waste hauler?
 (3) Can the solid waste hauler raise rates arbitrarily without violating prohibitions against price fixing?
 (4) If a trash pick-up ordinance prohibits competition by other haulers for hire, is it a violation of the ordinance for individuals to haul their own trash to the landfill?
Response
Question 1 — Can there be a bid for county-wide trash pick-upbefore there is an ordinance in place to require trash pick-upservice?
It is my opinion that there can be a bid for county-wide trash pick-up before there is an ordinance in place to require trash pick-up service.
If a county decides to offer trash pick-up service (regardless of whether it has enacted an ordinance to make such service mandatory), the county must obtain competitive bids for the service if the price of the contract for the service would equal or exceed $10,000.00. A.C.A. §§ 14-22-102 -104.
The county purchasing procedures that are set forth at A.C.A. §§14-22-101 through -115, and which require a bidding procedure, are applicable to the purchase of "services" which will cost at least $10,000.00. See A.C.A. § 14-22-101(2). The applicability of these required procedures is not contingent upon the use of the service being mandatory.
Moreover, services such as trash pick-up are not included in the list of commodities that are exempt from the purchasing requirements. See A.C.A. § 14-22-106.
Therefore, if the price of the contract for trash pick-up equals or exceeds $10,000.00, the county must obtain bids for the contract, regardless of whether trash pick-up is mandatory.
Question 2 — When the ordinance and the agreement with the chosentrash hauler have set fees for the pick-up service, can the quorumcourt change the price to benefit the solid waste hauler?
It is my opinion that this question is one that must be governed primarily by the applicable ordinance and by the terms of the contract under consideration. There is no provision of state law that would prohibit the quorum court from acting to raise rates for trash pick-up. In changing the price, however, the quorum court is required by state law to act by way of ordinance. A.C.A. § 14-14-802(b).
You have enclosed a copy of the contract about which you are concerned. While the Attorney General is not authorized to engage in the interpretation of contracts, I must note that this contract plainly provides for changes in the rates for trash collection under various circumstances. See Agreement dated October 29, 1994, between Greene County, Arkansas and Waste Management of Arkansas, Inc., Section 17(b) and (c), and Section 18.
These provisions of the contract would appear to authorize changes in rates, provided that they are appropriately carried out by way of ordinance. A.C.A. § 14-14-802(b).
Question 3 — Can the solid waste hauler raise rates arbitrarilywithout violating prohibitions against price fixing?
It is my opinion that the manner in which the chosen solid waste hauler is allowed to raise rates will be governed by the particular ordinance and agreement under which that hauler is authorized to operate. In the particular situation about which you have inquired, the governing contract requires that the hauler present proof to the quorum court of the necessity of an increase in rates. See Agreement dated October 29, 1994, between Greene County, Arkansas and Waste Management of Arkansas, Inc., Section 17(b) and (c), and Section 18. The rate increase that is allowed under these sections is subject to approval by the quorum court.
It therefore appears that in the particular situation about which you have inquired, the governing agreement would prohibit the chosen solid waste hauler from arbitrarily raising rates.
With regard to situations other than the particular one about which you have inquired, reference must be made, as a general matter, to the applicable ordinance and agreement.
Question 4 — If a trash pick-up ordinance prohibits competitionby other haulers for hire, is it a violation of the ordinance forindividuals to haul their own trash to the landfill?
It is my opinion that while the hauling by individuals of their own trash may not violate a prohibition against competition, this activity may violate the provision of the ordinance making trash pick-up service mandatory. For this reason, individuals who haul their own trash may still be required to pay the fee that is required by ordinance for trash pick-up service.
In the particular situation about which you have inquired, the applicable ordinance prohibits haulers other than the one under contract with the county from collecting and removing trash from residential units for a fee. See Greene Co. Ordinance No. 0-1994-7, Art. 3. Although the Attorney General does not engage in the interpretation of local ordinances, I must note that this provision would appear to prohibit only the collection of trash for a fee. It does not appear to prohibit the hauling of one's own trash. Nevertheless, I also note that this ordinance makes participation in the trash collection service mandatory. See
Greene Co. Ordinance No. 0-1994-7, Art. 4, Section 1. For this reason, individuals may continue to be billed for trash collection service, even if they have hauled their own trash.
With regard to the manner in which this question would affect situations other than the particular one about which you have inquired, reference must be made, as a general matter, to the applicable ordinance and agreement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh